**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MIGUEL RIVERA, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. 5:12-cv-00506 |
| vs. | § | |
| | § | Jury Trial Demanded |
| LOVE, BEAL & NIXON, P.C., | § | |
| MIDLAND CREDIT MANAGEMENT, | § | |
| INC., ENCORE CAPITAL GROUP | § | |
| AND MIDLAND FUNDING, LLC | § | |
| | § | |
| Defendants | | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1.      This is an action for damages brought by Plaintiff, Miguel Rivera ("Plaintiff"), an individual, for Defendants' violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq*., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      Plaintiff seeks to recover monetary damages for Defendants' violations of the FDCPA, the TDCA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3.      Service may be made upon Defendants in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

### JURISDICTION AND VENUE

4.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts

and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in

this district, and/or where Defendants' transact business in this district.

## PARTIES

6.      Plaintiff, Miguel Rivera ("Plaintiff"), is a natural person who at all relevant times

resided in the State of Texas, County of Bexar, and City of Fort Sam Houston.

7.      Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the

TEX. BUS. & COM. CODE § 17.50(a)(1) and TEX. FIN. CODE § 392.001(1).

8.      Defendant, Love, Beal & Nixon, P.C. ("Love") is an entity which at all relevant

times was engaged, by use of the mails and telephone, in the business of attempting to collect a

"debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by

by TEX. FIN. CODE § 392.001(2).

9.      Defendant, Encore Capital Group ("Encore") is an entity who acquires debt in

default merely for collection purposes, and who at all relevant times was engaged in the business

of directly or indirectly attempting to collect a debt from Plaintiff.

10.     Defendant, Midland Funding, LLC, ("Midland") is an entity who acquires debt in

default merely for collection purposes, and who at all relevant times was engaged in the business

of directly or indirectly attempting to collect a debt from Plaintiff.

11.     Defendant, Midland Credit Management, Inc. ("MCM") is an entity who services

debts already in default on behalf of Midland and Encore, and who at all relevant times was

engaged in the business of attempting to collect a debt from Plaintiff.

12.     Love is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN.

CODE § 392.001(6).

13.     Encore is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(6).

14.     Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(6).

15.     MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(6).

16.     Encore is a "third-party debt collector" as defined by TEX. FIN. CODE § 392.001(7).

17.     Midland is a "third-party debt collector" as defined by TEX. FIN. CODE § 392.001(7).

18.     MCM is a "third-party debt collector" as defined by TEX. FIN. CODE § 392.001(7).

## FACTUAL ALLEGATIONS

19.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be once owed or due a creditor other than Love.

20.     Plaintiff's alleged obligation asserted to be owed or due a creditor other than Love, upon information and good-faith belief, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

21.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or asserted to be once owed or due another.

22.     Encore purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

23.     Encore acquired Plaintiff's alleged debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

24.     Encore is thoroughly enmeshed in the debt collection business, and is a significant participant in Love, MCM, and Midland's debt collection process.

25.     Midland takes title from Encore debts once owed or once due, or asserted to be once owed or once due a creditor.

26.     Midland acquired Plaintiff's alleged debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

27.     MCM is a manager and servicer of defaulted consumer debt portfolios for debt buyers, including Midland and Encore, and performs collection services on their behalf.

28.     MCM may perform these activities directly, or will outsource the recovery activities to other debt collectors.

29.     MCM outsourced collection of Plaintiff's alleged debt to Love, who engaged in collection activity on behalf of MCM, Midland, and Encore.

30.     Plaintiff is, and has been at all times relevant to the instant matter, a resident of the state of Texas.

31.     At no time has Plaintiff been a resident of the state of Oklahoma.

32.     In connection with collection of an alleged debt in default, Defendant Love, at the direction and on behalf of MCM, Midland, and Encore, filed a lawsuit against Plaintiff on January 6, 2011 in Okmulgee County, Oklahoma.

33.     Plaintiff did not sign any contract, or enter any such other agreement, giving rise to the alleged debt with regard to which Defendants filed suit in the State of Oklahoma.

34.     By virtue of having filed a lawsuit against Plaintiff in the State of Oklahoma, Love, MCM, Midland, and Encore, brought a legal action against Plaintiff on a debt in a judicial district other than the judicial district where Plaintiff signed the contract sued upon or the judicial district in which Plaintiff resided at the commencement of the action.

35.     Plaintiff was not properly served with process, nor did Plaintiff otherwise receive notice of any kind with regard to the lawsuit filed against him in Oklahoma, nor would Plaintiff have had reason to know of the existence of said lawsuit, until he received a notice of garnishment from his employer on or around January 21, 2012.

36.     In connection with collection of an alleged debt in default, Love, at the direction and on behalf of MCM, Midland, and Encore, obtained a default judgment against Plaintiff on or about September 22, 2011.

37.     In connection with collection of an alleged debt in default, Love, at the direction and on behalf of MCM, Midland, and Encore, filed a Writ of Garnishment on Judgment on January 4, 2012.

38.     Plaintiff is employed in Texas by the U.S. Department of Defense ("DOD").

39.     Love served the Writ of Garnishment on the DOD on or about January 4, 2012.

40.     DOD acknowledged and answered said Garnishment on or around January 21, 2012, and at such time, wrote Plaintiff to inform him that deductions from his paycheck would begin, and continue until the pay period prior to July 16, 2012.

41.     Additionally, DOD informed Plaintiff in its January 21, 2012 letter that an administrative processing fee of $75.00 will be deducted from his pay for the garnishment deduction.

42.     On or about January 28, 2012, pursuant to the Writ of Garnishment, DOD deducted $287.34 from Plaintiff's paycheck.

43.     In addition to the deduction, Plaintiff was also charged a seventy five dollar $75.00 administrative processing fee on or about January 28, 2012.

44.     On or about February 11, 2012, pursuant to the Writ of Garnishment, Plaintiff's wages were garnished in the amount of $314.06.

45.     On or about February 25, 2012, pursuant to the Writ of Garnishment, Plaintiff's wages were garnished in the amount of $343.66.

46.     On or about March 10, 2012, pursuant to the Writ of Garnishment, Plaintiff's wages were garnished in the amount of $327.51.

47.     On or about March 24, 2012, pursuant to the Writ of Garnishment, Plaintiff's wages were garnished in the amount of $314.07.

48.     After each pay period, the DOD sent the withheld funds to Midland.

49.     To date, Defendants have returned to Plaintiff only $314.07.

50.     On or about March 26, 2012, as a direct and proximate result of Defendants' conduct, Plaintiff took out a loan in order to cover expenses, and incurred a fee of $50.00.

51.     On or about April 17, 2012, as a direct and proximate result of Defendants' conduct, Plaintiff took out a loan in order to cover expenses, and incurred a fee of $180.00.

52.     Love, at the direction and on behalf of MCM, Midland, and Encore took an action against Plaintiff that cannot be legally taken, which included but was not limited to: filing a writ

of garnishment against Plaintiff and garnishing $1,586.64 from Plaintiff's wages when wage garnishment is prohibited under the laws of the State of Texas, *see* TEX. CIV. PRAC. & REM. CODE § 63.004; and additionally causing Plaintiff over $305.00 in fees and charges.

53.     Love, at the direction and on behalf of MCM, Midland, and Encore used unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt, which included but was not limited to: filing a writ of garnishment against Plaintiff and garnishing $1,586.64 from Plaintiff's wages when wage garnishment is prohibited under the laws of the State of Texas, *see* TEX. CIV. PRAC. & REM. CODE § 63.004; and additionally causing Plaintiff over $305.00 in fees and charges.

54.     Love, at the direction and on behalf of MCM, Midland, and Encore misrepresented the consumer debt's status in a judicial or governmental proceeding, which included but was not limited to: misrepresenting that Plaintiff lived in Oklahoma, or that the contract sued upon was signed in Oklahoma, when Plaintiff did not live in that State, and no contract was signed by Plaintiff in that State.

55.     Plaintiff, by and through his counsel, sent Midland, Encore, and MCM written notice dated March 8, 2012 disputing the accuracy of an item in Defendants' files—specifically of the alleged debt it was attempting to collect.

56.     Encore received the written notice letter on March 12, 2012 at 8:46 a.m.

57.     Midland received the written notice letter on March 14, 2012 at 8:51 a.m.

58.     MCM received the written notice letter on March 14, 2012 at 8:51 a.m.

59.     Defendants failed to respond to the written notice within thirty days of receipt with a written statement denying the inaccuracy, admitting the inaccuracy, or stating that it has not had sufficient time to complete an investigation of the inaccuracy.

60.     Defendants' actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## ALL DEFENDANTS
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

61.     Plaintiff repeats and re-alleges each and every allegation above.

62.     Defendant Love violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

63.     MCM, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

64.     Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

65.     Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## ALL DEFENDANTS
## VIOLATION OF 15 U.S.C. § 1692e(5)

66.     Plaintiff repeats and re-alleges each and every allegation above.

67.     Defendant Love violated 15 U.S.C. § 1692e(5) by taking an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, which included but was not limited to: filing a writ of garnishment against Plaintiff and garnishing $1,586.64 from Plaintiff's wages when wage garnishment is prohibited under the laws of the State of Texas, *see* TEX. CIV. PRAC. & REM. CODE § 63.004; and additionally causing Plaintiff over $305.00 in fees and charges.

68.     MCM, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

69.     Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

70.     Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated 15 U.S.C. § 1692e(5);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## ALL DEFENDANTS
## VIOLATION OF 15 U.S.C. § 1692e(10)

71.     Plaintiff repeats and re-alleges each and every allegation above.

72.     Love violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, which included but was not limited to: misrepresenting that it was entitled to garnish Plaintiff's wages when it was not.

73.     MCM, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

74.     Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

75.     Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper

**COUNT IV**
**ALL DEFENDANTS**
**VIOLATION OF 15 U.S.C. § 1692f**

76.  Plaintiff repeats and re-alleges each and every allegation above.

77.  Love violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, which included but was not limited to: filing a writ of garnishment against Plaintiff and garnishing $1,586.64 from Plaintiff's wages when wage garnishment is prohibited under the laws of the State of Texas, *see* TEX. CIV. PRAC. & REM. CODE § 63.004; and additionally causing Plaintiff over $305.00 in fees and charges.

78.  MCM, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

79.  Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

80.  Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated 15 U.S.C. § 1692f;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper

## COUNT V
## ALL DEFENDANTS
## VIOLATION OF 15 U.S.C. § 1692i(a)(2)

81.     Plaintiff repeats and re-alleges each and every allegation above.

82.     Love violated 15 U.S.C. § 1692i(a)(2) by bringing a legal action against Plaintiff on a debt in a judicial district other than the judicial district where Plaintiff signed the contract sued upon or the judicial district in which Plaintiff resided at the commencement of the action.

83.     MCM, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

84.     Encore, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

85.     Midland, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692i(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper

## COUNT VI
## ALL DEFENDANTS
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(8)

86. Plaintiff repeats and re-alleges each and every allegation above.

87. Love violated TEX. FIN. CODE § 392.304(a)(8) by misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding.

88. MCM, by virtue of its status as a "debt collector" under the TDCA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

89. Encore, by virtue of its status as a "debt collector" under the TDCA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

90. Midland, by virtue of its status as a "debt collector" under the TDCA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated TEX. FIN. CODE § 392.304(a)(8);

b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**ALL DEFENDANTS**
**VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)**

91.    Plaintiff repeats and re-alleges each and every allegation above.

92.    Love violated TEX. FIN. CODE § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer, which included but was not limited to: misrepresenting that Plaintiff lived in Oklahoma, or that the contract sued upon was signed in Oklahoma, when Plaintiff did not live in that State, and no contract was signed by Plaintiff in that State; and misrepresenting that it was entitled to garnish Plaintiff's wages when it was not.

93.    MCM, by virtue of its status as a "debt collector" under the TDCA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

94.    Encore, by virtue of its status as a "debt collector" under the TDCA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

95.    Midland, by virtue of its status as a "debt collector" under the TDCA, is liable for actions of Love, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated Tex. Fin. Code § 392.304(a)(19);

b)  Awarding Plaintiff injunctive relief pursuant to the TDCA;

c)  Awarding Plaintiff actual damages pursuant to the TDCA;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## DEFENDANTS MCM, MIDLAND, AND ENCORE
## VIOLATION OF TEX. FIN. CODE § 392.202

96.     Plaintiff repeats and re-alleges each and every allegation above.

97.     Defendants MCM, Midland, and Encore violated TEX. FIN. CODE § 392.202 by failing to respond within thirty days after having received a written notice disputing the accuracy of an item in their file(s) related to the collection of a consumer debt in the manner prescribed by that section.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants MCM, Midland, and Encore violated TEX. FIN. CODE § 392.202;

b)  Awarding Plaintiff statutory damages pursuant to the TDCA;

c)  Awarding Plaintiff injunctive relief pursuant to the TDCA;

d)  Awarding Plaintiff actual damages pursuant to the TDCA;

e)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

g)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## ALL DEFENDANTS
## VIOLATIONS OF THE DTPA

98.     Plaintiff repeats and re-alleges each and every allegation above

99.     A violation of the Texas Debt Collection Act is a per se deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act.  Tex. Fin. Code. Ann. § 392.404(a).

100.    By their violations of the TDCA, Defendants violated the Texas Deceptive Trade

Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated the DTPA, TEX. BUS. & COM. CODE, Chapter
   17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE §
   17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to TEX. BUS. & COM.
   CODE § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be
   allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

101.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
dkurz@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone:      (888) 595-9111
Facsimile:      (866) 565-1327

*Attorney for Plaintiff*
MIGUEL RIVERA